UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>    Respondent, <br><br>    -vs- <br><br> GEORGE ALBERT FLAHERTY, <br><br>    Movant. | NO.    CR-08-0137-WFN-31 <br><br> ORDER |

Before the Court is Mr. Flaherty's *pro se* 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (ECF No. 2314).

**BACKGROUND**

Mr. Flaherty was indicted for conspiracy to distribute 500 grams or more of methamphetamine on September 11, 2008. A Superseding Indictment was filed October 7, 2008, which included the conspiracy charge, but also added a charge of possession with intent to distribute. A Second Superseding Indictment was filed December 2, 2008 alleging the same charges. On February 10, 2010, he pled guilty to Count 1 (ECF No. 1825). Regarding the amount of methamphetamine involved, the plea agreement makes it clear that the parties disputed the actual amount, but that Mr. Flaherty faced a base offense level of somewhere between a 32 (based on 500 grams of methamphetamine) and a 36 (based on 1.5 kilograms of methamphetamine). The Government agreed to move to dismiss Count 16SS at the time of sentencing. At the sentencing hearing, the Court determined that Mr. Flaherty qualified for the safety valve. He was subsequently sentenced to 122 months imprisonment.

ORDER - 1

**DISCUSSION**

To gain relief, Mr. Flaherty must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Mr. Flaherty established that he satisfies the first two prongs.

Mr. Flaherty argues that his conviction was unconstitutional, thus satisfying the third prong, on several grounds. Mr. Flaherty alleges that his attorney's assistance was ineffective because his counsel failed to present a "valid argument" regarding the duration of Mr. Flaherty's membership in the conspiracy and Mr. Cikutovich's erroneous assessment of the sentence Mr. Flaherty faced if he accepted the plea agreement offered by the Government.

In order to prevail on his ineffective assistance claims, Mr. Flaherty must prove that counsel's performance was deficient and that he was prejudiced by this deficient performance. *United States v. Strickland,* 466 U.S. 668, 687 (1984). Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689 (internal citations omitted). In order to show prejudice, Mr. Flaherty must show that but for counsel's errors, the results of the proceeding would have been different. *Id.* at 694.

Mr. Flaherty cannot meet the *Strickland* test for either claim. Mr. Flaherty's first claim fails both requirements of the *Strickland* test. First, there was no deficient performance

because Mr. Cikotovich *did* address the duration of Mr. Flaherty's membership in the conspiracy during the sentencing hearing and thus there was not deficient performance. Mr. Cikotovich indicated that the duration of Mr. Flaherty's involvement was shorter than other defendants. Second, there is no way that Mr. Flaherty could prove prejudice. The Court has broad discretion in fashioning a sentence and Mr. Flaherty cannot show that but for Mr. Cikotovich's failure to argue in more depth on the issue of duration of the conspiracy that the Court would have imposed a shorter sentence.

Regarding the second ineffective assistance claim, Mr. Cikotovich's alleged incorrect assessment of the possible sentencing exposure, Mr. Flaherty cannot show prejudice. To prove prejudice, Mr. Flaherty would have to show that had he understood the nature of the plea agreement he would not have pled guilty and would have insisted upon going to trial. Though Mr. Flaherty complains that he believed he was facing a lower sentence (despite clear indications to the contrary in the written plea agreement), he does not show that but for the allegedly faulty advice that he would have not accepted the plea agreement.

Mr. Flaherty also appears to allege ineffective assistance of counsel based on Mr. Cikutovich's failure to object to the alleged hearsay evidence. As no evidence was presented, Mr. Cikutovich was not in the position to object or not object to any evidence.

Mr. Flaherty may also be arguing that the plea was not knowing and voluntary. Mr. Flaherty's claim on this fails. The Court held a change of plea hearing where the Court reviewed the terms of the plea agreement, including maximum penalties, the provisions addressing the disagreement over the drug amount which in turn affects the guideline range. Mr. Flaherty indicated he understood and agreed to the terms of the agreement. Thus, his plea regarding possible sentencing exposure was knowing and voluntary.

In his third ground, Mr. Flaherty alleges that the Court erred in not finding Mr. Flaherty was a minor participant under the guidelines. A minor participant is a defendant "who plays a part in committing the offense that makes him substantially less culpable than

ORDER - 3

the average participant." Federal Sentencing Guidelines Manuel § 3B1.2 Application Note 3. The facts contained in the plea agreement and PSR show that Mr. Flaherty was not substantially less culpable than the average participant in the conspiracy, so the departure was inapplicable to Mr. Flaherty.

Lastly, Mr. Flaherty complains that the Government improperly relied on hearsay evidence to determine the amount of methamphetamine attributable to Mr. Flaherty. No testimony was presented on the amount of drugs attributable to Mr. Flaherty. Hearsay is testimonial, thus inapplicable where there is no testimony.

In supplemental briefing, Mr. Flaherty challenged federal authority to enact and enforce drug laws, essentially arguing that Title 21 is unconstitutional citing to *Bond v. United States*, 131 S. Ct. 2355 (2011). *Bond* does not stand for this proposition. Further, *Bond* is not retroactive, so does not create an avenue for Mr. Flaherty to collaterally attack Title 21.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a Circuit Justice issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2004). This requires a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a claim is dismissed on procedural grounds, the Court must determine whether jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 120 S. Ct. at 1604. A certificate of appealability should not be granted unless both components, one directed at the underlying constitutional claims, and the second directed at the court's procedural holding, are satisfied. *Id.* The Court may address either the constitutional or procedural issue first. *Id.* Based on the Court's

preceding analysis, the Court concludes: (1) that Mr. Flaherty has failed to make a substantial showing of a denial of a constitutional right and (2) that jurists of reason would not find it debatable whether the Court was correct in any substantive or procedural ruling. Thus a certificate of appealability should not issue. Accordingly,

**IT IS ORDERED** that Mr. Flaherty's Motion Under 28 U.S.C. § 2255, filed June 28, 2012, ECF No. 2314, is **DENIED WITH PREJUDICE**.

The District Court Executive is directed to file this Order and provide copies to pro se Movant and to the United States Attorney in Spokane, Washington; inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; and **CLOSE** the corresponding civil file, **CV-11-0244-WFN**.

**DATED** this 5th day of November, 2012.

10-17-12

s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5